IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MAR-K SPECIALIZED MFG., INC., an Oklahoma corporation, <br><br>    Plaintiff/Counter-Defendant, <br><br> v. <br><br> BED WOOD AND PARTS, LLC, a Kentucky limited liability company, <br><br>    Defendant/Counter-Claimant. | ) ) ) ) ) ) ) Case No. CIV-20-00450-JD ) ) ) ) ) ) |

## ORDER

This matter is before the Court on a notice filed by Defendant Bed Wood and Parts, LLC ("BWP"), advising as to the parties' inability to resolve a pending Motion to Strike BWP's Answer to First Amended Complaint, Affirmative Defenses, Counterclaims and Third-Party Complaint. [Doc. No. 118]. Upon review of that notice, and for the reasons discussed below, the Court *sua sponte* reconsiders its prior Order of January 6, 2022 [Doc. No. 104], which granted Plaintiff Mar-K Specialized Mfg., Inc. ("Mar-K") leave to file an Amended Complaint.

### I. BACKGROUND

The parties are familiar with the factual background and procedural history of this case, and the Court has detailed much of that history in its prior orders. *See, e.g.*, [Doc. Nos. 43, 104]. The Court provides additional information here only to explain the circumstances precipitating this Order.

On October 7, 2021, Mar-K filed a motion under Federal Rule of Civil Procedure 15(a)(2) and LCvR15.1 for leave to amend its Complaint [Doc. No. 1] to eliminate the following claims against BWP and Defendant Jeffrey David Major: Count I - violation of the Lanham Act; Count II - contributory trademark infringement; Count III - unfair competition, common law trademark infringement, passing off, and violation of the Oklahoma Deceptive Trade Practices Act; and Count IV - violation of the Anti-cybersquatting Consumer Protection Act (the "Affirmative Claims"). *See* [Doc. No. 84]. Mar-K explained that it wished to dismiss these claims in light of additional facts learned in the course of discovery, [*see id.* at 5], and it believed the proper way to effectuate this partial dismissal was amendment under Rule 15(a) rather than dismissal under Rule 41(a) (which speaks of dismissals of *actions*), [*id.* at 1 n.1].

BWP and Mr. Major opposed the Motion, arguing that the Court should permit amendment only on the conditions that (1) the Affirmative Claims be deemed dismissed and (2) BWP and Mr. Major be deemed prevailing parties on those claims or awarded their reasonable costs and attorneys' fees in defending those claims. [*See* Doc. No. 86].

The Court granted Mar-K's motion to amend by Order dated January 6, 2022 (the "Order") [Doc. No. 104]. In the Order, the Court concluded that although the deadline for motions to amend had passed, the motion should be granted because it merely sought to eliminate the Affirmative Claims and streamline the issues for adjudication and because there appeared to be no undue prejudice to BWP or undue delay, bad faith, or dilatory motive. *See* Order at 5–6. The Court further determined that the Affirmative Claims should be deemed dismissed without prejudice, but it declined to award attorneys' fees

and costs or determine prevailing party status. *See* Order at 9–10. The Court accordingly granted Mar-K leave to amend its complaint to omit the Affirmative Claims, subject to the condition that the Affirmative Claims were deemed dismissed without prejudice. *Id.* at 10.

Mar-K timely filed a First Amended Complaint consistent with the Court's Order on January 7, 2022. [Doc. No. 107]. Matters devolved from there. BWP filed its Answer to the First Amended Complaint [Doc. No. 109], raising affirmative defenses, asserting counterclaims against Mar-K (for infringement of a registered U.S. trademark; common law trademark infringement; federal unfair competition and false designation of origin; federal false advertising; and violation of the Oklahoma Deceptive Trade Practices Act), and asserting a claim against David Hill for contributory trademark infringement, which BWP designated as a third-party complaint.[1] Both the counterclaims and third-party complaint were previously asserted in BWP's Answer to Mar-K's original Complaint. [Doc. No. 15].

Mr. Hill responded by filing a motion to strike or dismiss the third-party complaint as untimely and because the Court had previously dismissed BWP's earlier, substantially identical third-party complaint for failure to state a claim. *See* Mot. to Strike [Doc. No.

---

[1] The Court notes that a third-party complaint is a pleading in which a defending party alleges that a nonparty is or may be liable to it for all or part of the claim against it. *See* Fed. R. Civ. P. 14(a)(1). Here, BWP is not alleging that Mr. Hill is liable on Mar-K's claims; rather, it has asserted an independent, affirmative claim against Mr. Hill.

110]; Order [Doc. No. 43]. Upon review of Mr. Hill's motion, the Court entered an order directing the parties to confer about the issues raised in the motion. [Doc. No. 115].

The Court optimistically thought the parties could reach an agreement. However, BWP filed a notice on February 9, 2022, advising that the parties were at an impasse and that BWP intended to amend its Answer, Affirmative Defenses, Counterclaims, and Third-Party Complaint to incorporate *new* allegations and evidence to support its third-party complaint against Mr. Hill. [Doc. No. 118 at 2]. BWP advised that it believed it had a right to do so under Rule 15(a)(1) in light of Mr. Hill's motion to strike BWP's Third-Party Complaint. BWP further advised that Mr. Hill intended to re-urge his motion to strike or file a new motion to strike any amended Third-Party Complaint, which Mar-K intended to join.

BWP subsequently filed an Unopposed Motion for Leave to File Exhibits Under Seal [Doc. No. 119]. That motion sought to file under seal certain exhibits that were to be attached to BWP's forthcoming Amended Answer to First Amended Complaint, Affirmative Defenses, Counterclaims, and Third-Party Complaint. BWP asserted that it must reference and attach these documents in order to set out the facts underlying the allegations in this forthcoming Amended Answer.

Mar-K timely filed an Answer to BWP's counterclaims on February 11, 2022. [Doc. No. 120]. Then, on February 15, 2022, BWP filed an Amended Answer to First Amended Complaint, Affirmative Defenses, Counterclaims, and Third-Party Complaint ("Amended Answer"). [Doc. No. 121]. The Amended Answer appears to eliminate

BWP's counterclaim against Mar-K for false advertising, and it adds factual allegations concerning Mr. Hill's alleged contributory infringement of BWP's trademarks.

## II.   *SUA SPONTE* RECONSIDERATION OF ORDER

In the interest of judicial economy, and to forestall yet another round of responsive pleading to BWP's Amended Answer and/or briefing on the propriety of BWP's effort to reinstate its Third-Party Complaint against Mr. Hill, the Court has *sua sponte* reconsidered the Order that triggered the parties' slew of recent filings.

The Court has discretion under Rule 54(b) of the Federal Rules of Civil Procedure to reconsider its prior interlocutory orders. *See* Fed. R. Civ. P. 54(b) (recognizing that any order that adjudicates "the rights and liabilities of fewer than all the parties does not end the action as to any of the . . . parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities"); *see also Been v. O.K. Indus., Inc.*, 495 F.3d 1217, 1225 (10th Cir. 2007) ("[D]istrict courts generally remain free to reconsider their earlier interlocutory orders."). And an order on a motion to amend a complaint is an interlocutory order. *See Lanier Const., Inc. v. Carbone Props. of Mobile, LLC*, 253 F. App'x 861, 863 (11th Cir. 2007) (unpublished) ("[T]he district court's denial of [the plaintiff's] motion for leave to amend the complaint was simply an interlocutory decision, which the district court had ample discretion to reconsider.") (citation omitted); *Smith v. Liberty Mut. Ins. Co.*, 569 F.2d 325, 326 (5th Cir. 1978) (describing the district court's denial of a motion to amend the complaint to include punitive damages as interlocutory).

In its discretion, the Court has reconsidered its Order granting leave to amend and finds that it should be revised in part. The purpose of the Court's Order was to allow Mar-K to eliminate its Affirmative Claims from this action, significantly narrowing the scope of issues for adjudication. Rather than simply dismiss those claims, the Court proceeded by allowing Mar-K to file an Amended Complaint under Federal Rule of Civil Procedure 15(a) because the parties argued and the Court agreed that amendment was the proper mechanism to eliminate some, but not all, claims in an action. The consequence of the Court's Order was that Mar-K filed an Amended Complaint at a very late stage of the litigation—after the close of discovery and the filing of dispositive motions. The Court did not anticipate that BWP would use that occasion to try to *broaden* the scope of this litigation through its responsive pleading to Mar-K's Amended Complaint.

Upon reconsideration, the Court concludes that at this late stage, it was neither necessary nor desirable to require Mar-K to file an Amended Complaint in order to eliminate its Affirmative Claims. The same result could have been more efficiently achieved by *deeming* Mar-K's original complaint amended to reflect the deletion of those claims. *See Bibbs v. Newman*, 997 F. Supp. 1174, 1177 (S.D. Ind. 1998) (deeming complaint amended to delete claim); *cf.* Fed. R. Civ. P. 16(c)(2)(A)–(B) (providing that at pretrial, court may consider and take appropriate action on simplifying the issues, eliminating frivolous claims or defenses, and amending the pleadings *if necessary or desirable*). Proceeding in such fashion would effectively narrow the claims in this case while obviating the need for a new responsive pleading that would have the opposite effect.

Accordingly, the Court finds that its Order, which granted Mar-K leave to file an amended complaint to eliminate its Affirmative Claims on condition that they be deemed dismissed without prejudice, should be revised to reflect that Mar-K's original Complaint [Doc. No. 1] is deemed so amended.

IT IS THEREFORE ORDERED THAT:

(1)   Mar-K's original Complaint [Doc. No. 1] is DEEMED AMENDED, such that Count I - violation of the Lanham Act; Count II - contributory trademark infringement; Count III - unfair competition, common law trademark infringement, passing off, and violation of the Oklahoma Deceptive Trade Practices Act; and Count IV - violation of the Anti-cybersquatting Consumer Protection Act are deleted.

(2)   Consistent with the Court's original Order, the deleted claims are DEEMED DISMISSED WITHOUT PREJUDICE;

(3)   Mar-K's First Amended Complaint [Doc. No. 107] is STRICKEN;

(4)   BWP's Answer to First Amended Complaint, Affirmative Defenses, Counterclaims and Third-Party Complaint [Doc. No. 109] is STRICKEN;

(5)   Third-Party Defendant David Hill's Motion to Strike [Doc. No. 110] is DENIED AS MOOT;

(6)   BWP's Unopposed Motion for Leave to File Exhibits Under Seal [Doc. No. 119] is DENIED AS MOOT;

(7)   Mar-K's Answer to BWP's Counterclaims [Doc. No. 120] is STRICKEN; and

(8) BWP's Amended Answer to First Amended Complaint, Affirmative Defenses, Counterclaims and Third-Party Complaint [Doc. No. 121] is STRICKEN.

IT IS SO ORDERED this 18th day of February 2022.

_____
JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE