IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MAR-K SPECIALIZED MFG., INC., an Oklahoma corporation,<br><br>    Plaintiff/Counter-Defendant,<br><br>v.<br><br>BED WOOD AND PARTS, LLC, a Kentucky limited liability company,<br><br>    Defendant/Counterclaimant. | Case No. CIV-20-00450-JD |

## ORDER

Before the Court is Plaintiff/Counter-Defendant Mar-K Specialized Mfg., Inc.'s ("Mar-K") Motion for Summary Judgment ("Motion") [Doc. No. 91] that addresses the following remaining claims in this action: Mar-K's claims against Defendant/Counterclaimant Bed Wood and Parts, LLC ("BWP") for declaratory judgment of non-infringement (Count V) and declaratory judgment of cancellation (Count VI) of Mar-K's Complaint [Doc. No. 1]; and BWP's counterclaims against Mar-K for infringement of registered U.S. Trademark (Count I), common law trademark infringement (Count II), federal unfair competition and false designation of origin (Count IV), federal false advertising (Count V), and violation of the Oklahoma Deceptive Trade Practices Act ("ODTPA") (Count VI) of BWP's Answer and Counterclaims [Doc. No. 15]. BWP responded to the Motion [Doc. No. 102], and Mar-K replied [Doc. No. 103].

The Court decided the Motion at a hearing on July 19, 2023. Upon consideration of the law, the parties' filings, and as stated at the hearing, the Court **DENIES IN PART** and **GRANTS IN PART** the Motion [Doc. No. 91].

Specifically, the Court denies the Motion to the extent it seeks summary judgment on Mar-K's claims against BWP in Counts V and VI; BWP's counterclaims in Counts I, II, IV, and VI, as they relate to the registered BEDWOOD mark; BWP's claims for monetary damages for its registered BEDWOOD mark; and Mar-K's affirmative defenses of laches and acquiescence and statutory defense of fair use. All of these claims and issues remain for jury determination.

The Court grants the Motion to the extent it seeks summary judgment on BWP's counterclaims against Mar-K in Count II and Count IV, as they relate to the unregistered FLAT TOP and SPEED BUMP marks,[1] and Count V.

---

[1] Although it is clear from the Court's analysis, and although the parties agreed in their briefing that BWP must show that its unregistered marks, FLAT TOP and SPEED BUMP, are inherently distinctive or have acquired distinctiveness through secondary meaning in order to garner protection under the Lanham Act, the Court inadvertently did not expressly mention at the hearing summary judgment as to Count VI (violation of the ODTPA) as it relates to the unregistered FLAT TOP and SPEED BUMP marks. *See* [Doc. Nos. 91 at 28 and 102 at 24]. To clarify the record, the Court grants summary judgment to Mar-K on BWP's counterclaim in Count VI to the extent it relates to the unregistered marks, for the same reason it granted summary judgment on Counts II and IV as to the unregistered marks. This was sought by Mar-K in the Motion. [Doc. No. 91 at 28–30]. *See Forney Indus., Inc. v. Daco of Missouri, Inc.*, 835 F.3d 1238, 1244 (10th Cir. 2016) (explaining that unregistered marks are protected from infringement under § 43(a) of the Lanham Act, and "[t]o make out a claim under § 43(a) for an unregistered mark, the plaintiff must prove (1) '[the] identifying mark . . . is inherently distinctive or . . . has acquired distinctiveness through secondary meaning,' (2) the mark is nonfunctional, and (3) the competitor's alleged violation of the plaintiff's rights in its mark is likely to cause consumer confusion") (quoting *Two Pesos, Inc. v. Taco Cabana, Inc.*, 505 U.S. 763, 769 (1992)); *Brunswick Corp. v. Spinit Reel Co.*, 832 F.2d 513, 527

IT IS SO ORDERED this 21st day of July 2023.

*[signature]*
JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE

---

(10th Cir. 1987) (explaining that the proof required for a violation of § 43(a) of the Lanham Act is the same proof required for a violation of the ODTPA in Okla. Stat. tit. 78, § 53(A)); *see also Bob Mills Furniture Co., LLC v. Ashley HomeStores, Ltd.*, Case No. CIV-17-0059-HE, 2017 WL 11144629, at *1 (W.D. Okla. July 25, 2017). Here, it is BWP's burden to prove distinctiveness or secondary meaning to establish its unregistered marks' protectability under the Lanham Act and the ODTPA, and BWP made no attempt to do so with respect to its unregistered marks, FLAT TOP and SPEED BUMP. *See also Brill v. Walt Disney Co.*, 246 P.3d 1099, 1105 & n.10 (Okla. Civ. App. 2010) (explaining that a mark can be distinctive in one of two ways, i.e., inherently distinctive or has acquired distinctiveness through a secondary meaning and affirming the trial court's grant of defendant's summary judgment motion of the plaintiff's ODTPA claim).